UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-cr-00134 (WMW-DTS) |
| Plaintiff, | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS** |
| v. | |
| John Kelsey Gammell, | |
| Defendant. | |

The Sixth Amendment of the United States Constitution grants Mr. Gammell the right to information regarding details of the charges against him.  The formulaic indictment lacks that information.  Mr. Gammell requests a bill of particulars.

"A bill of particulars serves to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial."  *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006) (government required to file bill of particulars).  The court has broad discretion to grant or deny a bill of particulars.  *United States v. Wells*, 17 F.R.D. 37, 39 (D. Minn. 1955).  "Either the defendant is, or he is not guilty of the charges, as shown by the facts.  In the interests of justice, therefore, he should have a full opportunity to prepare his defense."  *Id.*

In this case, fundamental principles of fairness require the government to provide a bill of particulars specifying the actions alleged to violate the law.  The government has failed to plead basic allegations Mr. Gammell needs to prepare his defense.  *United States v. Idriss*, 2004 WL 733977, at *4 (D. Minn. Mar. 1, 2004) (ordering bill of particulars "detailing the elements of the three counts and the specific facts establishing those offenses"); *see also United States v. Garcia*,

2006 WL 1302270, at *8 (D. Minn. May 8, 2006) (granting motion for bill of particulars requiring identification of coconspirators).

- How did Mr. Gammell allegedly violate federal law?
- On what specific dates does the government allege Mr. Gammell violated federal law?
- Where did the alleged conduct take place on those dates?
- How did Mr. Gammell allegedly cause the conduct?
- How did Mr. Gammell allegedly aid and abet the conduct?
- What was the alleged "transmission of a program, information, code, and command?"
- What was the alleged loss at the time of the indictment "of at least $5,000?"
- What was the alleged damage?
- What is the alleged "protected computer?"
- Who is the alleged victim?

Under a similar scenario, the U.S. Court of Appeals for the Second Circuit reversed a conviction because the district court's refusal to require a bill of particulars prejudiced the defendants. *See United States v. Bortnovsky,* 820 F.2d 572 (2d Cir. 1987). The government charged the *Bortnovsky* defendants with a fraudulent scheme involving making false insurance claims. The defendants sought a bill of particulars specifying which of the many insurance claims the government alleged to be fraudulent and which of the invoices submitted in support of those claims the government alleged were fabricated. "The government did not fulfill its obligation," the Court said, "merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified." *Id.* at 575. *Accord United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007) (mail fraud prosecution noting indictment need not list every false statement defendant allegedly made, but defendant "may, as a matter of course, have been entitled to those details … through a bill of particulars"). *See also United States v. Caine*, 270 F. Supp. 801, 806-07 (S.D.N.Y. 1967) (mail fraud prosecution requiring government to provide particulars as to which representations it claimed to be false).

Mr. Gammell needs specific details of the facts with which he is being charged to prepare his defense so that he is not ambushed at trial. Mr. Gammell respectfully requests this Court order the government to provide a bill of particulars.

| | |
|---|---|
| Dated:  August 18, 2017 | By   s/Rachel K. Paulose |
| | Rachel K. Paulose |
| | DLA Piper LLP (US) |
| | Attorney ID No. 0280902 |
| | 80 South Eighth Street, Suite 2800 |
| | Minneapolis, Minnesota  55402-2013 |
| | Telephone:   612.524.3008 |
| | Facsimile:    612.524.3001 |
| | rachel.paulose@dlapiper.com |
| | |
| | ATTORNEY FOR DEFENDANT |

145003764.2