UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  17-cr-00134-(WMW-DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| John Kelsey Gammell, | ) | **DISCLOSURE OF INFORMANTS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

John Kelsey Gammell submits this memorandum in support of his motion for disclosure of informants.

## FACTUAL BACKGROUND

The government asserts that in July 2016, an internet security researcher who was both "well-known" to the agency and purportedly published in the field provided the FBI with database research relevant to this case.  Criminal Compl. at ¶ 28 [Docket 1].  The FBI asserts that the researcher provided the database "to assist in a criminal investigation into vDOS and its customers who used vDOS services to engage in DDoS attacks on victim websites."  *See id.*  The database contains highly confidential and private information including "user registrations, user logins, payment and subscription information, contact with users, and attacks conducted."  *Id.*  It would not be possible to obtain Mr. Gammell's private information unless the researcher obtained unauthorized access to the database.  In order to prepare adequately for his defense, Mr. Gammell seeks the identity, contact information, and production of this researcher as well as discovery of the means by which the researcher obtained Mr. Gammell's private information.

**LEGAL ARGUMENT**

**I.   THE GOVERNMENT SHOULD IDENTIFY ITS CONFIDENTIAL INFORMANTS, INCLUDING THE "INTERNET SECURITY RESEARCHER," AND PRODUCE THEM FOR AN INTERVIEW.**

The Sixth Amendment to the United States Constitution guarantees Mr. Gammell the right to "be confronted with the witnesses against him."  U.S. CONST. amend. VI. Mr. Gammell possesses the right to know the identity of an informer "where the disclosure of an informer's identity … is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."  *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (reversing conviction where government failed to provide identity of informant).  S*ee also Washington v. Texas*, 388 U.S. 14, 15-16 (1967) (defendant's right to compulsory process violated by statute denying him right to call witness whose "testimony would have been relevant and material" to the defense); *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (reversing district court for government's failure to make material witness available to defense); *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973) (remanding case to district court for government's failure to make witness available).   Factors the court considers includes the crime charged, potential defenses, and the significance of the witness's testimony.  *Roviaro*, 353 U.S. at 62.  The "desirability of calling … a witness, or at least interviewing him in preparation for trial, [is] a matter for the accused rather than the Government to decide."  *Id*. at 64-65 (reversing lower court for failing to order witness identity and location).  *See United States v. Partyka*, 544 F.2d 345, 347 (8th Cir. 1976) (reversing conviction and remanding for new trial because of trial court's failure to require disclosure of informant who defendant claimed may have planted drugs in his car); *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (informant who "could have shed sorely needed light on the events that took place" must be disclosed).

Here, at least one unnamed informant obtained access to information which evidently broke this case open for the FBI.  The informant's information led to a mountain of information and leads for the FBI.  *See e.g.,* Criminal Compl. at ¶ 29-36 [Docket 1].  His testimony is critical, and the government's refusal to make him available will greatly prejudice the defendant.  *See United States v. Kitchen*, 480 F.2d 1222 (8th Cir. 1973) (case remanded to allow government must make genuine and reasonable efforts to locate witness); *United States v. Pollard*, 479 F.2d 310 (8th Cir. 1973).  The government must reveal this information prior to trial.  *Barnes*, 486 F. 2d at 780.

Additionally, the government must reveal the witness's motivations or inducements as evidence of an exculpatory nature.  *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972); *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).  The government should disclose the witness's criminal convictions; criminal acts for which charges could be brought; plea agreements; and other benefits.  As the Eighth Circuit cautioned in *Barnes*:

> The government must know that an eager informer is exposed to temptations to produce as many accuseds as possible at the risk of trapping not merely an unwary criminal but sometimes an unwary innocent as well.  One could hardly expect such informants always to stay on the proper side of the line which separates those two cases.

*Barnes*, 486 F.2d at 780.

## II.   THE GOVERNMENT SHOULD BE ORDERED TO IDENTIFY THE METHODS USED TO HACK INTO MR. GAMMELL'S COMPUTER.

Mr. Gammell's personal account information revealed to the FBI -- including user registration, user login, payment and subscription information, user contact, and alleged attacks -- is personal information protected by federal and state statutes.  Criminal Compl. at ¶ 28 [Docket 1]; *see, e.g.*, 2 C.F.R. § 200.79; Minn. Stat. § 325E.61.  The information could not have been accessed without exceeding authorization; quite possibly hacking it.  For example, the

vDOS database file could only be obtained by accessing an administration page and then entering a user name and password.  The methods used to break into Mr. Gammell's alleged accounts must be disclosed in order to allow him to adequately prepare his defense.

## CONCLUSION

Based upon the foregoing, Mr. Gammell respectfully requests the Court to order the government to disclose the name and contact information of any confidential informants, including the witness who provided the FBI with the "database dump" of information and the witness who broke into Mr. Gammell's computer; make such witnesses available for interviews; and turn over information regarding the methods that were used to break into Mr. Gammell's computer to gain access to his personal information.


Dated:  August 18, 2017

By   s/Rachel K. Paulose
    Rachel K. Paulose
    DLA Piper LLP (US)
    Attorney ID No. 0280902
    80 South Eighth Street, Suite 2800
    Minneapolis, Minnesota  55402-2013
    Telephone:   612.524.3008
    Facsimile:    612.524.3001
    rachel.paulose@dlapiper.com

    ATTORNEY FOR DEFENDANT

EAST\144986017.2