# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A white 2003 Buick Century bearing New Mexico license plate NYY328

) Case No. 17-sw-5750-KLM
)
)
)
)
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

SEE "ATTACHMENT A" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __June 9, 2017__ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Kristen L. Mix__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*. ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __2:35 pm, May 26, 2017__

*Judge's Signature*

City and state: __Denver, CO__
Kristen L. Mix
United States Magistrate Judge
*Printed name and title*

00002111

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

00002112

## ATTACHMENT A

### Description of Location to be Searched

The SUBJECT VEHICLE is specifically described white 2003 Buick Century, New Mexico license plate NYY328.

## ATTACHMENT B

### Items to be Seized

Any and all records, in whatever form, related to the "Subject Offense," as described in the Affidavit in Support of Search Warrant, which is incorporated by reference herein. Such records include:

1. Records related to possible victims of Denial of Service ("DDoS") attacks, such as Washburn Computer Group, Wells Fargo, JP Morgan Chase Bank, Hong Kong Exchanges and Clearing Limited, Hennepin County (Minnesota) (hennepin.us), the Minnesota Judicial Branch (mncourts.gov), Dakota County Technical College (dctc.edu), STI Electronics Inc. (stielectronicsinc.com), Kit Pack Co. (kitpack.com), and dmDickason (dmdickason.com), as well as other DDoS victims as yet unknown;

2. Records related to DDoS-for-hire services, such as "cstress.net," "inboot.me," "booter.xyz," "ipstresser.com," "exostress.in," "booterbox.com," and vdos-s.com ("vDOS"), as well as other DDoS-for-hire services as yet unknown;

3. Records related to the email addresses jkgammell@gmail.com, and thepicklator@aol.com;

4. Records related to the email addresses ending in @yahoo.com or Redacted.com that also contain the name of former Washburn Computer Group employees.

5. Records related to payments made to DDoS-for-hire services;

6. Records related to the use of Coinbase;

7. Records related to the moniker "anonrooster,"

8. Records related to the moniker "AnonCunnilingus";

9. Records related to the online group "Anonymous";

10. Records reflecting conduct in violation of 18 U.S.C. § 1030;

1

11. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   h. evidence of the times the COMPUTER was used;

   i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

00002115

  j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

  k. records of or information about Internet Protocol addresses used by the COMPUTER;

  l. records of or information about the COMPUTER's internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

  m. contextual information necessary to understand the evidence described in this attachment.

  n. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media

00002116