UNITED STATES DISTRICT COURT
District of Minnesota
17-CR-134 (WMW/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 1030(a)(5)(A) |
| | 18 U.S.C. § 1028A |
| v. | |
| JOHN KELSEY GAMMELL, | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

From at least in or about July 2015 through at least in or about September 2016, in the State and District of Minnesota and elsewhere, the defendant, JOHN KELSEY GAMMELL, engaged in a campaign of distributed denial of service ("DDoS") attacks on websites throughout the United States. A DDoS attack is a malicious attempt to disable or interrupt service to a computer or website, usually by causing large amounts of internet traffic to be directed to the computer or website. GAMMELL directed DDoS attacks at a number of victims' websites, including websites operated by companies he used to work for, companies that declined to hire him, competitors of GAMMELL's business, and websites for law enforcement agencies and courts, among others. GAMMELL engaged in DDoS attacks using computer programs from his own computers, as well as by directing several "DDoS-for-hire" companies from which he purchased services to launch DDoS attacks against his victims' websites.

SCANNED
NOV 0 8 2017
U.S. DISTRICT COURT ST. PAUL

## COUNT 1
(Intentional Damage to a Protected Computer)

From on or about July 30, 2015 through in or about September 2016, in the State and District of Minnesota and elsewhere, the defendant,

**JOHN KELSEY GAMMELL,**

did knowingly cause and aid and abet the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, without authorization, to a protected computer, to wit: computers hosting the websites of the Washburn Computer Group, and the offense caused loss to one or more persons of at least $5,000 in aggregated value during one year, all in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i).

## COUNT 2
(Attempted Intentional Damage to a Protected Computer)

From in or about August 2015 through in or about August 2016, in the State and District of Minnesota and elsewhere, the defendant,

**JOHN KELSEY GAMMELL,**

did knowingly cause and aid and abet, and attempt to cause and aid and abet, the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, or intentionally attempted to cause damage, without authorization, to a protected computer, to wit: computers used by the Minnesota State Courts (www.mncourts.gov), all in violation of Title 18, United States Code, Section 1030(a)(5)(A).

## COUNT 3
(Attempted Intentional Damage to a Protected Computer)

From in or about August 2015 through in or about August 2016, in the State and District of Minnesota and elsewhere, the defendant,

**JOHN KELSEY GAMMELL,**

did knowingly cause and aid and abet, and attempt to cause and aid and abet, the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage, or intentionally attempted to cause damage, without authorization, to a protected computer, to wit: computers used by Dakota County Technical College (www.dctc.edu), all in violation of Title 18, United States Code, Section 1030(a)(5)(A).

## COUNT 4
(Aggravated Identity Theft)

On or about August 11, 2015, in the State and District of Minnesota, the defendant,

**JOHN KELSEY GAMMELL,**

did knowingly possess and use, without lawful authority, a means of identification of L.S., a real person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. § 1030(a)(5)(A), knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 5
(Aggravated Identity Theft)

On or about October 6, 2015, in the State and District of Minnesota, the defendant,

**JOHN KELSEY GAMMELL,**

did knowingly possess and use, without lawful authority, a means of identification of L.S., a real person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. § 1030(a)(5)(A), knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

Counts 1 through 3 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i).

Upon conviction of any of Counts 1 through 3 of this Indictment, the defendant shall forfeit to the United States any property real or personal constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, and any personal property that was used or intended to be used to commit or to facilitate the commission of such violations.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title

United States v. John Kelsey Gammell, 17-CR-134 (WMW/DTS)

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and 1030(i)(2).

A TRUE BILL

_____     _____
ACTING UNITED STATES ATTORNEY        FOREPERSON